UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GenCanna Global USA, Inc. *et al.*,[1] | ) ) | Case No. 20-50133-grs |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) | Honorable Gregory R. Schaaf |

**APPLICATION OF THE DEBTORS AND DEBTORS IN POSSESSION
PURSUANT TO 11 U.S.C. §§ 327(a) AND 329(a), BANKRUPTCY RULES
2014(a), 2016(b) AND 6003, AND LOCAL RULE 2014-1 FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO RETAIN AND EMPLOY DENTONS BINGHAM
GREENEBAUM LLP AS COUNSEL, *NUNC PRO TUNC*, AS OF THE PETITION DATE**

GenCanna Global USA, Inc., GenCanna Global, Inc., and Hemp Kentucky LLC (collectively, the "Debtors"), the debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by and through their undersigned counsel, hereby apply (the "Application") under sections 327(a) and 329(a) of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a), 2016(a) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the Eastern District of Kentucky (the "Local Rules") for entry of an order authorizing the Debtors to retain and employ Dentons Bingham Greenebaum Doll LLP ("DBG") as counsel *nunc pro tunc* as of the Petition Date (defined below). In support of the Application, the Debtors submit the *Declaration of James R. Irving* (the "Irving Declaration"), a copy of which is attached hereto as **Exhibit A** and incorporated by reference herein, and DBG's

---

[1] The debtors and debtors in possession in these Chapter 11 Cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: GenCanna Global USA, Inc. (0251); GenCanna Global, Inc., (N/A); and Hemp Kentucky LLC (2600). The debtors' mailing address is 321 Venable Road, Suite 2, Winchester, KY 40391.

20822652.3

*Disclosure of Compensation* (the "Disclosure of Compensation"), a copy of which is attached hereto as **Exhibit B** and is also incorporated by reference herein. In further support of the Application, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## Background

2. On January 24, 2020 (the "Petition Date"), Pinnacle, Inc., Crawford Sales, Inc., and Integrity / Architecture, PLLC filed an involuntary chapter 11 petition under the Bankruptcy Code against GenCanna Global USA, Inc. On February 6, 2020, GenCanna Global USA, Inc. consented to the involuntary petition and on February 5, 2020 the other Debtors filed their own voluntary chapter 11 petitions under the Bankruptcy Code. As a result of these petitions, the Debtors consented to, or commenced, the current chapter 11 bankruptcy cases (the "Chapter 11 Cases"). The Debtors' Chapter 11 Cases are jointly administered for procedural purposes only.

3. The Debtors are continuing to operate their business and manage their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. To date, the Office of the United States Trustee (the "U.S. Trustee") has not appointed an official committee of unsecured creditors in the Cases.

5. The Debtors have filed various customary first day motions (the "First Day Motions") seeking emergency relief to facilitate an efficient transition of their operations into chapter 11 and to minimize disruption. In support of these Chapter 11 Cases and the relief requested in the First Day Motions, the Debtors have filed the *Declaration of James Alt in*

*Support of Chapter 11 Filings and First Day Motions* [Docket No. 44] (the "First Day Declaration"). The First Day Declaration contains a detailed description of the Debtors' business operations, capital structure, and events leading to the filing of these Chapter 11 Cases, and is incorporated herein by reference.

### Relief Requested

6. Pursuant to sections 327(a) and 329(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a), 2016(b) and 6003 and Local Rule 2014-1, the Debtors hereby seek entry of an order authorizing them to retain and employ DBG as counsel to represent the Debtors in all aspects of the Chapter 11 Cases and the Debtors' reorganization, *nunc pro tunc*, as of the Petition Date.

### DBG's Qualifications

7. DBG is well qualified to serve as the Debtors' counsel in the Chapter 11 Cases. DBG and the other member firms within the Debtons United States verein are a leading international law firm and their professionals have substantial experience in virtually all aspects of the law that may arise in the Chapter 11 Cases. In particular, DBG's professionals have experience in the areas of bankruptcy and restructuring, hemp-cannabis, corporate, real estate, finance, intellectual property, labor and employment, litigation and tax.

8. DBG's restructuring group provides an array of services to assist financially distressed businesses and their creditors in maximizing values and ultimate recoveries in a broad range of challenging circumstances. The group is comprised of 9 attorneys. Certain of the attorneys representing the Debtors have previously represented parties in large complex cases pending before the Bankruptcy Court, including, but not limited to: *In re Innovative Mattress Solutions, LLC*, et al., Chapter 11 Case No. 19-50042-grs (Bankr. E.D. Ky.); *In re Xcelerated,*

3

*LLC*, Chapter 11 Case No. 17-20886-grs (Bankr. E.D. Ky.); and *In re JW Resources, Inc.*, Chapter 11 Case No. 15-60831-grs (Bankr. E.D. Ky.).

9. DBG is a member of the Dentons Group a swiss verein ("Dentons"). Dentons includes Dentons US LLP and Dentons Cohen Grigsby LLP within the United States, and certain international organizations. Dentons is the largest law firm in the world, and its professionals around the globe have a vast array of specialties and expertise. Although DBG is disclosing conflicts in **Exhibit A** for all of Dentons, DBG anticipates that only attorneys and professionals within the DBG portion of the Dentons verein will work on the Chapter 11 Cases.

10. DBG has also become familiar with the Debtors' businesses. If the Debtors were forced to retain new counsel, considerable time and effort would need to be spent by that new counsel so that it was familiar with the Debtors' businesses and the Chapter 11 Cases.

## Services to be Provided

11. The Debtors anticipate that DBG will render general legal services to the Debtors as needed throughout the course of the Chapter 11 Cases, including bankruptcy, corporate, real estate, finance, intellectual property, labor and employment, litigation and tax advice. In particular, the Debtors anticipate that DBG will perform, among others, the following legal services:

   a. Advising the Debtors of their rights, powers and duties as debtors in possession while operating and managing their businesses and property under chapter 11 of the Bankruptcy Code;

   b. Preparing on behalf of the Debtors all necessary and appropriate applications, motions, objections, proposed orders, miscellaneous pleadings, notices, schedules and other documents, and reviewing all financial and other reports to filed in the Chapter 11 Cases;

   c. Advising the Debtors concerning, and preparing responses to, applications, motions, other pleadings, notices and other papers that may be filed by other parties in the Chapter 11 Cases;

  d. Advising the Debtors with respect to, and assisting in the negotiation and documentation, of, financing and sale agreements and related transactions;

  e. Reviewing the nature and validity of any liens asserted against the Debtors' property and advising the Debtors concerning the enforceability of such liens;

  f. Advising the Debtors regarding their ability to initiate actions to collect and recover property for the benefit of their estates;

  g. Advising and assisting the Debtors in connection with any potential property dispositions;

  h. Advising the Debtors concerning executory contract and unexpired lease assumptions, assignments and rejections;

  i. Advising the Debtors in connection with the formulation, negotiation and promulgation of a plan or plan s of reorganization, and related transactional documents;

  j. Assisting the Debtors in reviewing, estimating and resolving claims asserted against the Debtors' bankruptcy estates;

  k. Commencing and conducting litigation necessary and appropriate to assert rights held by the Debtors, protect assets of the Debtors' bankruptcy estates or otherwise further the goal of completing the Debtors' successful reorganization; and

  l. Providing non-bankruptcy services for the Debtors to the extent requested by the Debtors.

12. The Debtors require knowledgeable counsel to render these essential professional services. As noted above, DBG has substantial expertise in all of these areas. Moreover, as also indicated above, DBG has obtained valuable institutional knowledge of the Debtors' businesses and financial affairs through it representation of the Debtors to date. Accordingly, the Debtors respectfully submit that DBG is well qualified to perform these services and represent the Debtors' interests in the Chapter 11 Cases.

13. DBG proposes to serve as co-counsel to the Committee along with Benesch, Friedlander, Coplan & Aronoff LLP ("Benesch"). The Debtors' bankruptcy estates will be best

5

20822652.3

served by having DBG and Benesch work together, dividing matters up among themselves as appropriate to maximize the strengths of each firm and to ensure that matters are handled with the least possible expense to the Debtors' bankruptcy estates

### **Compensation and the Application**

14.     Subject to the Bankruptcy Court's approval of this Application, DBG intends to (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date the services are rendered, and (b) seek reimbursement of actual and necessary out-of-pocket expenses.  The names, positions and current hourly rates of the DBG lawyers and paraprofessionals currently expected to have primary responsibility for providing services to the Debtors are set forth in the Irving Declaration.  The hourly rates charged by DBG professionals differ based on, among other things, the professional's level of experience and the rates normally charged in the location of the office in which the professional is resident.  The hourly rates charged by DBG for its professionals may change from time to time in accordance with DBG's established billing practices and procedures.

15.     DBG will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with rendering the legal services described above. DBG intends to apply to the Bankruptcy Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any guidelines promulgated by the U.S. Trustee, and any additional procedures that have or may be adopted by the Bankruptcy Court in the Chapter 11 Cases.  DBG has agreed to accept as compensation such sums as may be allowed by the Bankruptcy Court. DBG understands that fee awards are subject to approval by the Bankruptcy Court.

16.     In addition to seeking reimbursement of the fees and expenses that DBG has incurred after the Petition Date, DBG will seek authority from the Bankruptcy Court to apply such fees and expenses to any unapplied portion of a retainer that DBG is holding and that the Debtors funded before the Petition Date.  To the extent that the Court approves fees and expenses for DBG in excess of the amount available in the retainer, the Debtors will directly pay DBG its fees and reimburse its expenses.

## Disclosure Concerning Conflicts of Interest

17.     In reliance in the Irving Declaration, the Debtors believe that, except as set forth in the Irving Declaration: (a) DBG has no connection with the Debtors, its creditors, or any other party with an actual or potential interest in the Chapter 11 Cases or their respective attorneys or accountants; (b) DBG is not a creditor, equity security holder or insider of the Debtors; (c) DBG is not and was not, within two years of the Petition Date, a director, officer or employee of the Debtors; and (d) DBG does not have an interest adverse to the Debtors, their bankruptcy estates or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in the Debtors, or for any other reason.  Accordingly, the Debtors believe that DBG is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code.

## *Nunc Pro Tunc* Relief is Warranted

18.     "Because, in some circumstances, an order of *nunc pro tunc* approval may be 'necessary or appropriate' to the administration of the bankruptcy laws, such orders are within the bankruptcy court's power to grant, at least to the extent the exercise of that power is consistent with and does not frustrate the purposes behind [the applicable provisions of the Bankruptcy Code]." In re Aultman Enterprises, 264 B.R. 485, 492 (E.D. Tenn. 2001).  Indeed,

"in any Chapter 11 filing there will likely be a 'gap' between the time of commencement of the case or commencement of services by a professional until the order of employment is entered" and courts have found "as a convenient presumption" that a 30 day "gap" is appropriate for *nunc pro tunc* retention. *In re Martin*, 102 B.R. 653, 656 (Bankr. W.D. Tenn. 1989) (citing *In re Sinor*, 87 B.R. 620, 623 (Bankr. E.D. Cal. 1988)).

19. Courts within the Sixth Circuit frequently apply the nine factors identified in in *In re Twinton Properties Partnership*, 27 B.R. 817 (Bankr. M.D. Tenn. 1983), to determine if a professional may be employed *nunc pro tunc*. *See e.g., In re Aultman*, 264 B.R. 485 at 492; I*n re Alexander*, 469 B.R. 684, 686 (W.D. Ky. 2012); *In re Integrity Supply, Inc.*, 417 B.R. 514, 519 (S.D. Ohio. 2009); *but compare, In re Greektown Holdings, L.L.C.*, 2010 WL 7343848, at * 2-3 (Bankr. E.D. Mich., March 26, 2010) (acknowledging that *Twinton* factors are "at best a useful guide in determining whether to grant a *nunc pro tunc* application" and focusing instead on whether "exceptional circumstances" exists to grant relief).

20. Here, DBG satisfies each of the *Twinton* factors and, therefore, the Application should be approved *nunc pro tunc* for the full 12-day period between the filing of the Application and GenCanna Global USA, Inc.'s consent to the involuntary chapter 11 petition. The "gap" between the Debtors' retention of DBG and the Application's filing was necessary because DBG had to focus on representing the interests of their constituency first, finalizing conflict checks to make necessary disclosures, drafting first-day pleadings for imperative relief and drafting the Application. The "gap" in this case is well within the 30 day "convenient presumption" of what is appropriate for *nunc pro tunc* retention and is consistent with practice in the Eastern District of Kentucky.

21. The *Twinton* factors support *nunc pro tunc* retention of DBG by the Debtors:

8

20822652.3

    a. The Debtors expressly contracted to retain DBG;

    b. The Debtors support the entry of orders approving DBG's retention *nunc pro tunc* to February 5, 2020;

    c. DBG is providing adequate notice of the Application and an opportunity for parties in the Chapter 11 Cases to file objections;

    d. DBG does not anticipate any objections to the Application;

    e. DBG has satisfied all criteria for employment under the Bankruptcy Code and remains qualified;

    f. DBG believes its work was performed properly;

    g. There would be no actual or potential prejudice to the Debtors' bankruptcy estates by allowing DBG to be retained *nunc pro tunc*;

    h. DBG's "failure" to seek pre-employment approval is easily explainable. DBG was retained to initiate these Chapter 11 Cases with extremely limited notice and lead time. DBG initially confirmed that it was conflict clear with respect to the Debtors, the insiders, and secured creditors, and has worked diligently on behalf of the Debtors and their bankruptcy estates since the Petition Date. Although DBG quickly drafted the Application for the Debtors' review and filing, DBG experienced some delay in completing the remainder of its conflict review process in light of the extremely short notice on which the Debtors initiated these Chapter 11 Cases and the size of Dentons conflict system; and

    i. DBG has not exhibited a pattern of inattention or negligence.

*In re Twinton Properties Partnership*, 27 B.R. at 819. Accordingly, the requested *nun pro tunc* relief should be granted.

## NOTICE

    Notice is hereby given that the foregoing has been filed with the Court. Any party objecting to this Application must file such objection in writing with the Clerk of the court along with notice for hearing and shall serve a copy on all persons receiving electronic notifications in the Chapter 11 Cases. The objection must set forth the grounds for the objection and must be filed within fourteen (14) days of the date of this Application. In the event that no objections are filed, the Court may enter an order granting the Application without a hearing.

20822652.3

WHEREFORE, the Debtors respectfully request that the Court enter an order: (i) granting the Application; (ii) authorizing the Debtors to retain and employ DBG as counsel; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: February 18, 2020     Respectfully submitted,

By: /s/ James Alt
James Alt
*Responsible Person for the Debtors and Debtors In Possession*

Dated: February 18, 2020     Filed by,

| | |
|---|---|
| */s/ James R. Irving* <br> James R. Irving <br> April A. Wimberg <br> Christopher B. Madden <br> DENTONS BINGHAM GREENEBAUM LLP <br> 3500 PNC Tower <br> 101 South Fifth Street <br> Louisville, Kentucky 40202 <br> Telephone: (502) 587-3606 <br> Facsimile: (502) 540-2215 <br> E-mail: james.irving@dentons.com <br> april.wimberg@dentons.com <br> chris.madden@dentons.com <br><br> *Proposed counsel to the Debtors* | Michael J. Barrie <br> Jennifer R. Hoover <br> BENESCH, FRIEDLANDER, COPLAN, & ARONOFF LLP <br> 222 Delaware Avenue, Suite 801 <br> Wilmington, DE 19801 <br> Telephone: (302) 442-7010 Phone <br> E-mail: mbarrie@beneschlaw.com <br> jhoover@beneschlaw.com <br><br> -and- <br><br> Elliot M. Smith <br> BENESCH, FRIEDLANDER, COPLAN, & ARONOFF LLP <br> 200 Public Square, Suite 2300 <br> Cleveland, OH 44114 <br> Telephone: (216) 363-4500 <br> E-mail: esmith@beneschlaw.com <br><br> *Proposed Counsel for the Debtors* |

20822652.3