# EXHIBIT A

**(Declaration of James R. Irving)**

20822652.3

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# LEXINGTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GenCanna Global USA, Inc. *et al.*,[1] | ) ) | Case No. 20-50133-grs |
| Debtors. | ) ) ) | (Jointly Administered) |
| | ) | Honorable Gregory R. Schaaf |

## DECLARATION OF JAMES R. IRVING

I, James R. Irving, hereby make this statement under 28 U.S.C. § 1746 and state that:

1. I am a partner with the law firm Dentons Bingham Greenebaum LLP ("DBG") 3500 PNC Tower, 101 South Fifth Street, Louisville, Kentucky, 40202, telephone number (502) 587-3606, facsimile number (502) 540-2215, e-mail address james.irving@dentons.com. I serve as the Office Managing Partner of DBG's Louisville Office and as co-leader of Dentons' national Restructuring, Insolvency & Bankruptcy Practice Group.

2. I am making this declaration in support of the *Application of the Debtors and Debtors In Possession Pursuant to 11 U.S.C. §§ 327(a) and 329(a), Bankruptcy Rules 2014(a), 2016(b) and 6003, and Local Rule 2014-1 for Entry of an Order Authorizing the Debtors to Retain and Employ Dentons Bingham Greenebaum LLP as Counsel, Nunc Pro Tunc, as of the*

---

[1] The debtors and debtors in possession in these Chapter 11 Cases, along with the last four digits of their respective Employer Identification Numbers, are as follows: GenCanna Global USA, Inc. (0251); GenCanna Global, Inc., (N/A); and Hemp Kentucky LLC (2600). The debtors' mailing address is 321 Venable Road, Suite 2, Winchester, KY 40391.

2

20822652.3

*Petition Date* (the "Application").[2]  I have personal knowledge of all of the statements contained herein and could testify to these statements if called.

3.  The DBG attorneys and paraprofessionals who will be primarily responsible for representing the Debtors in the Chapter 11 Cases bill their time at the following rates:

| **Name of Attorney or Paralegal** | **Hourly Rate** |
|---|---|
| James R. Irving, *Partner* | $460 |
| Christopher Van Bever, *Partner* | $360 |
| April A. Wimberg, *Partner* | $345 |
| Christopher B. Madden, *Associate* | $315 |
| Gina M. Young, *Associate* | $255 |
| Kyle W. Miller, *Associate* | $255 |
| Candise Caylao, *Associate* | $240 |

4.  In addition to these attorneys and paraprofessionals, other attorneys and professionals at DBG may occasionally provide services to the Debtors and bill their time, for which DBG will seek the commensurate fees and expenses.

5.  DBG has undertaken an extensive review of its conflicts database of existing and former clients to determine whether it had or has any connections with the parties-in-interest in the Chapter 11 Cases.  Attached hereto as **Exhibit 1** is a list of the parties-in-interest in the Chapter 11 Cases (the "Parties-In-Interest List") that DBG has run through its conflicts database for the purpose of making these disclosures.  Based on this review, I have concluded that:

---

[2]    Capitalized terms used herein but not otherwise defined shall have the meaning given to them in the Application.

3

20822652.3

    a. DBG does not represent any entity which has an adverse interest in connection with the Chapter 11 Cases that would prevent DBG from representing the Debtors in the Chapter 11 Cases;

    b. Dentons US LLP, part of Dentons along with DBG, provides services to an affiliate of De Lage landen Financial Services, Inc., a creditor in matters unrelated to the Chapter 11 Cases. DBG will not take any action in the Chapter 11 Cases adverse to De Lage landen Financial Services, Inc., rather Benesch will solely represent the Debtors in these matters. No one working on this matter will represent De Lage landen Financial Services, Inc., and indeed they will be screened off of any representation that Dentons US LLP has of De Lage landen Financial Services, Inc.;

    c. DBG and Dentons US LLP are co-counsel to the Official Committee of Unsecured Creditors in the bankruptcy case pending as *In re Dura Automotive Systems. LLC et al.*, Chapter 11 Case No. 19-12378 (KBO) before the United States Bankruptcy Court for the District of Delaware. Benesch is co-counsel to the Committee with DBG and Dentons US LLP in that case, and Jefferies, LLC is investment banker to the Debtors in that case;

    d. DBG represented the Debtors prior to the commencement of the Chapter 11 Cases;

    e. Judge Schaaf was formerly a partner at Bingham Greenebaum Doll LLP, the predecessor in interest to DBG, however, he has not been at the firm for over five years.

6. Additionally, except as described above, neither I, nor any other DBG attorney or employee who will be working on this matter, insofar as I have been able to ascertain:

    a. Is a creditor of the Debtors;

    b. Is a direct or indirect equity interest holder of any entities owned or affiliates with the Debtors;

    c. Is or has been an officer, director or employee of the Debtors or any entity owned or affiliated with the Debtors, or is or has been an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code;

    d. Has any direct or indirect relationship to, connection with or interest in the Debtors, any insider of the Debtors, the Debtors' other attorneys, accountants, the U.S. Trustee, or any employee of the U.S. Trustee's Office; or

    e. Has any other interest, direct or indirect, which may affect or be affected by the proposed representation.

4

20822652.3

7. DBG will not represent any entity other than the Debtors or one of their successors in interest in connection with the Chapter 11 Cases.

8. DBG is conducting an extensive review of Dentons' conflicts databases of existing and former clients to determine whether Dentons had or has any connections with the parties on the Parties-In-Interest List. This additional review is ongoing. DBG will submit a supplemental Declaration if it discovers any additional connections with parties on the Parties-In-Interest List.

9. DBG received a retainer in the amount of $50,000.00 for other matters for which DBG is retained, as is further disclosed in the *Disclosure of Compensation* (the "Disclosure of Compensation"), a copy of which is attached to the Application as **Exhibit B**, and which is incorporated herein. Prior to the Petition Date, DBG applied the retainer to satisfy the fees and expenses it incurred representing the Debtors before the Petition Date. As of the Petition Date, the retainer is exhausted.

10. No agreement or understanding exists between DBG and any other person (other than members of DBG) to share compensation received for services to be rendered in connection with this representation. No representations have been received or made by DBG, nor any member or associate thereof, with respect to compensation in connection with this case other than in accordance with the Bankruptcy Code.

11. By reason of the foregoing, I believe that DBG is eligible for employment and retention by the Debtors pursuant to section 327 of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

20822652.3