**FOR THE EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| | ) |
| GenCanna Global USA, Inc., *et al.*, | ) Case No. 20-50133-grs |
| | ) |
| Debtors. | ) |
| | ) |
| | ) Honorable Gregory R. Schaaf |

---

**MOTION TO ADMIT AFFIDAVIT OF JOHN T. MCGARVEY INTO EVIDENCE AS EXPERT TESTIMONY AND MOTION TO SHORTEN NOTICE OF HEARING**

---

**NOTICE**

Please take notice that this Motion will come before the Bankruptcy Court at 100 E. Vine Street, 2nd Floor, Lexington, KY 40507 for hearing on Wednesday, March 16, 2020 at 9:00 a.m. or as soon thereafter as counsel may be heard.

Comes Bragg Farming Company ("Bragg") by and through its undersigned counsel, and with Bragg having filed its Supplemental Brief and Motion for Adequate Protection herein [Doc. No. 319] ("Brief") and with said Brief having attached an Affidavit of John T. McGarvey ("McGarvey Affidavit") as a proposed expert witness based on his substantial expertise in the field of secured transactions, Bragg respectfully requests that the Court admit the McGarvey Affidavit into evidence pursuant to Federal Rules of Evidence 104(a) and 702, made applicable herein by Federal Rule of Bankruptcy 9017, and Federal Rules of Bankruptcy Procedure 7026, made applicable herein by Federal Rule of Bankruptcy Procedure 9014, and that the Court shorten notice of the hearing to permit this Motion to be heard scheduled for March 16, 2020. In further support of its Motion, Bragg states as follows:

1.     On January 24, 2020 (the "Petition Date"), an involuntary petition was filed against GenCanna Global USA, Inc ("Global USA").  On February 5, 2020, related companies Hemp Kentucky, LLC and GenCanna Global, Inc. filed voluntary petitions, and on February 6, 2020, GenCanna Global consented to the involuntary petition (collectively "Debtors").

2.     In response to the filing of the Debtors' Motion for Entry for Interim and Final Orders Approving Debtor-in-Possession Financing [Doc. No. 55], Bragg filed an objection on February 28, 2020 [Doc. No. 233] ("Objection") and thereafter filed the Brief.  The McGarvey Affidavit is attached to the Brief and is noted as proffered "expert testimony" pursuant to Rule of Evidence 702.  To address the admissibility of the McGarvey Affidavit, this Motion is filed to put the issue before the Court pursuant to Rule of Evidence 104(a).

3.     Rule 702 of the Federal Rules of Evidence provides:

> "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > (b) the testimony is based on sufficient facts or data;
> >
> > (c) the testimony is the product of reliable principles and methods; and
> >
> > (d) the expert has reliably applied the principles and methods to the facts of the case."

The Supreme Court has found that trial courts have a "gatekeeping role" to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). "*Daubert* applies to the other expert matters described in Rule 702, even when the proposed expert is offering non-scientific, but specialized, testimony." *Hologic, Inc. v. Minerva Surgical, Inc.*, 325 F. Supp. 3d 507, 521 (D. Del. 2018).  Under *Daubert* and *Kumho Tire* 526 U.S. 137, 152 (1999), a "trial court's inquiry into

the admissibility of expert testimony is 'a flexible one,' and . . . no single factor will be determinative or even applicable in every case." *Tristrata Technology, Inc. v. Mary Kay, Inc.*, 423 F. Supp. 2d 456, 464 (D. Del. 2006).

4. Case law is clear that a proponent carries the burden of "of demonstrating by a preponderance of the evidence that the testimony is admissible." *In re Nellson Nutraceutical, Inc.*, 356 B.R. 364, 372 (Bankr. D. Del. 2006). "The first requirement for the admission of expert testimony is that the witness must be a qualified expert. … On the second and third requirements for the admission of expert testimony, Rule 702 'assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Nellson,* 356 B.R. at 372, citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). For the reasons stated below, there is no question that Mr. McGarvey is a qualified expert whose testimony rests on a reliable foundation and is relevant to the matters in dispute.

5. As detailed in the curriculum vitae attached to the McGarvey Affidavit, there might be no more qualified individual in the Commonwealth of Kentucky to testify on Article 9 issues and questions than John McGarvey. He has unique and specialized knowledge from both a long career practicing in the area of and teaching law students the subject of secured transactions. This professional experience is in addition to his knowledge and experience gained from his service as a Commissioner on the Uniform Law Commission, and American Bar Association committees related to secured transactions, financial services, and banking law. There cannot be a dispute as to Mr. McGarvey's qualifications to serve as an expert witness in this case.

6. The proffered testimony in the McGarvey Affidavit is based on his analysis of the lien priority dispute between Bragg and the Debtors and its lender under Article 9 and state statutory lien law based on these decades of experience as both a practitioner and as a member of

3

the body <u>that actually drafts and revises the Uniform Commercial Code</u>. The proffered testimony could not be more relevant or more soundly based since it relies on the text of the relevant statutory provisions and Mr. McGarvey's professional experience in reviewing, revising, litigating, and interpreting same. There is no speculation or "one sided" readings of the facts in the McGarvey Affidavit.

7. Bragg has asked the Court to hear this Motion on shortened notice to permit it to be heard with other matters including its Brief and Motion for Adequate Protection [Doc. No. 320] in the case on March 16, 2020. The Brief was filed pursuant to this Court's Order setting additional briefing on **legal** questions regarding title to or liens against hemp [Doc. No. 306].

WHEREFORE, Bragg respectfully requests that the Court enter an order permitting the Motion to be heard on shortened notice and admitting the McGarvey Affidavit as expert testimony pursuant to Federal Rule of Evidence 702.

    Respectfully submitted,

    FROST BROWN TODD LLC

    /s/ Tyler Powell
    KY Bar No. 90520
    250 West Main Street, Suite 2800
    Lexington, Kentucky 40507
    Tel: (859) 231-0000
    Fax: (859) 231-0011
    E-mail: tpowell@fbtlaw.com

    **ATTORNEYS FOR CREDITOR,
BRAGG FARMS & CO.**

Document    Page 5 of 5

**CERTIFICATE OF SERVICE**

      In accordance with the Order Establishing Notice Procedures, Master Service List, and Related Relief [Doc. No. 99], this document was filed and served on the 12th day of March, 2020 on all the parties served by the Court via CM/ECF noticing, including counsel for the Debtor and the United States Trustee, at the email address registered with the Court and via U.S. Mail on March 12, 2020 on all parties listed in the Master Service List dated February 28, 2020 not receiving electronic service.

/s/ Tyler Powell  
Tyler Powell

0144358.0730320   4838-8461-4071v1