**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| OGGUSA, Inc.,[1] | ) Case No. 20-50133-grs |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Honorable Gregory R. Schaaf |
| | ) |
| | ) |

**AFFIDAVIT OF BRIAN ERWIN ON BEHALF OF THE GIBSON COMPANY AS
ORDINARY COURSE PROFESSIONAL**

Brian Erwin (the "Affiant"), being duly sworn, deposes and says:

1.      My name is Brian Erwin.  I am a commercial real estate broker, duly licensed by the Kentucky Real Estate Commission and hold the Certified Commercial Investment Member (CCIM) designation.  I am affiliated as a commercial real estate agent with The Gibson Company (the "Firm"), which maintains offices at 1050 Monarch Street, Suite 200, Lexington, KY 40513.

2.      OGGUSA, Inc., f/k/a GenCanna Global USA, Inc. ("GCG Opco") and its affiliated debtors and debtors in possession in the above-captioned cases (collectively with GCG Opco, the "Debtors"), have requested that the Firm provide commercial real estate brokerage services to GCG Opco and serve as the exclusive listing broker to sell or lease the real property

---

[1] The Debtors in these chapter 11 bankruptcy cases are (with the last four digits of their federal tax identification numbers in parentheses): OGGUSA, Inc., f/k/a GenCanna Global USA, Inc. (0251); OGG, Inc., f/k/a GenCanna Global, Inc. (N/A); and Kentucky Hemp, LLC (0816).

1

located at 322 N. 3rd Street, Paducah, KY 42001, and the Firm has consented to provide such services.

3.      The Firm may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases.  The Firm does not perform services for any such person in connection with these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Firm is proposed to be employed.

4.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5.      Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Firm, has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6.      Neither I nor any principal, partner, director, officer, of or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be employed.

7.      I and the Firm disclose the following "connections" with parties-in-interest: (a) Dean, Dorton, Allen Ford, PLLC, which the Debtors have identified as an unsecured creditor, provides personal and business tax accounting services to me; and (b) in 2019,

2

I served as the broker for the lessor, Tierney Storage LLC, in connection with a commercial lease transaction with GenCanna Global USA, Inc., as tenant.

8.     To the best of my knowledge, except as stated herein above, the Firm has neither in the past nor currently represents any creditors herein in any matters related to the Debtors or their affairs.  The Firm appears in cases, proceedings, and transactions involving many different attorneys and accountants, some of whom may represent claimants and parties in interest in these cases.  The Firm does not represent any such entities in connection with these Chapter 11 cases, nor does it have any relationships with any such entities, attorneys, or accountants that would be adverse to the Debtors or their Estates.

9.     GCG Opco has engaged the Firm pursuant to the terms of that certain *Commercial Exclusive Right to Sell/Lease Contract* (the "Listing Agreement"), a copy of which is annexed as Exhibit A to the *Stipulation and Agreed Order by and among Debtors and Community Financial Services Bank with Respect to Potential sale of Paducah, Kentucky Real Property* (the "Stipulation").[2]

10.     No promises have been received by the Firm or any member or associate thereof as to payment or compensation in connection with this case other than in accordance with the provisions of Chapter 11 of the United States Bankruptcy Code.  The Firm has no agreement with any other entity to share any compensation received by the Firm.

11.     Upon information and belief, pursuant to Fed. R. Bankr. P. 2014, the Firm has no connections with the United States Trustee or any person employed in the Office of the United States Trustee.

---

[2] A true and correct copy of the Stipulation is annexed to the *Debtors' Motion (I) to Approve Stipulation and Agreed Order by and among the Debtors and Community Financial  Services Bank with Respect to the Potential Sale of Paducah, Kentucky Real Property and (II) for Related Relief* (the "Motion"), filed in these bankruptcy cases on July 31, 2020. In addition to requesting approval of the Stipulation, the Motion requests authorization for the Firm's employment and compensation pursuant to the terms of the Listing Agreement.

13667119 v2

12.    Pursuant to Fed. R. Bankr. P. 5002(b), upon information and belief, the Firm is not, nor has it been, so connected with a Bankruptcy Judge or the United States Trustee as to render the appointment of the Firm improper.

13.    To the best of my knowledge, the Debtors do not owe anything to the Firm for pre-petition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

14.    Based upon information available to me, I believe the Firm is a "disinterested person" as defined in 11 U.S.C. § 101(14), as modified by 11 U.S.C. § 1107(b), and further that the Firm holds no interest adverse to the Debtors and their Estates as to the matters with respect to which it is to be employed.   The proposed employment is not prohibited by, or improper under, Fed. R. Bankr. P. 5002.

15.    I further understand that this Declaration will not suffice as the Firm's proof of claim.

16.    The foregoing constitutes the statement of the Firm pursuant to 11 U.S.C. §§ 329 and 504 and Fed. R. Bankr. P. 2016(b).

Further, the affiant sayeth naught.

_____
Brian Erwin

STATE OF Kentucky )
                 )
COUNTY OF Fayette )

The foregoing was acknowledged, subscribed, and sworn to before me by _Brian Erwin_ on _August 11_, 2020.

13667119 v2

My commission expires: 5/13/2023

Notary Public

13667119 v2