UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| OGG USA, INC., *et al.*, | Case No. 20-50133 (GRS) |
| Debtors.[1] | Jointly Administered |

**ORDER GRANTING
THE DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO
11 U.S.C. §§ 105(a) AND 365(b) OF THE BANKRUPTCY CODE AUTHORIZING THE
REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AS
TO CONTRACTS OF INDUSTRIAL AUTHORITY AND ECONOMIC DEVELOPMENT**

Upon the Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a) and 365(b) of the Bankruptcy Code Authorizing the Rejection of Certain Executory Contracts and Unexpired Leases [Docket No. 882] (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") as well as the amended motions to compel lease rejections and seeking administrative expense claims filed by the movants referenced herein [Docket Nos. 1048 and 1049]; and it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and it appearing, after due deliberation, that the relief requested is in the best interest of the Debtors, their estates and creditors; and sufficient cause appearing therefore;

---

[1] The Debtors in these Chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): OGGUSA, Inc. (0251); OGG, Inc. (N/A); and Kentucky Hemp, LLC (0816).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

4824-9931-7440.7

**THE COURT HEREBY FINDS AND ORDERS:**

1. The Motion is GRANTED as set forth herein.

2. GenCanna Global USA, Inc.'s lease regarding that certain real property in Graves County, Kentucky (the "Mayfield Facility") with Industrial Authority of Mayfield-Graves County (the "Industrial Authority"), listed as Rejected Contract No. 82 to the Motion ( "Industrial Authority Lease"), is hereby rejected, effective as of the date of the filing of the Motion, May 29, 2020.

3. Notwithstanding the rejection of the Industrial Authority Lease, the Debtors shall be allowed to have access to the Mayfield Facility, including for the storage and removal of certain of their owned equipment (the "Debtors' Equipment"), through and including August 31, 2020. The Debtors will arrange for security at the Mayfield Facility until and including August 31, 2020, with the cost of such security being shared between the Debtors who will pay 80% of the costs and GenCanna Acquisition Corp. who will pay the remaining 20% of the costs.

4. The Debtors are required to provide written notice to Industrial Authority before removing any of Debtors' Equipment, and such notice shall include: (a) a description of the relevant equipment; (b) the date of pickup; and (c) the identity of the person or party retrieving the equipment. Such notice shall be provided via email to Ryan Drane at ryan@gravescountyed.com, Ryan Toombs at ryan@nbwtlaw.com, and Eric Ray at eric.ray@wallerlaw.com. In addition, at the sole discretion of Industrial Authority, other third party owners of property currently located upon or stored at the Mayfield Facility ("Third Party Owners") shall have the ability to access the Mayfield Facility, solely for the purpose of selling or retrieving and removing their property. Debtors shall provide written confirmation, if requested, by any Third Party Owners of property currently located on or stored at the Mayfield Facility, and provide such written confirmation, to the Industrial Authority. Upon the Industrial Authority's receipt of such written confirmation, Industrial

4824-9931-7440.7

Authority shall provide access to the Mayfield Facility for the Third Party Owners' retrieval of its property. In the event such Third Party Owner retrieves any property from the Mayfield Facility following receipt by the Industrial Authority of confirmation of the ownership of such property by the Debtors, the Industrial Authority shall have no liability to the Debtors, the Third Party Owner, these estates or any other party on account of allowing or facilitating the retrieval of such property by such third party owners.

5. In recognition of Industrial Authority's agreement to allow the Debtors and creditors or the Debtors access to the Mayfield Facility after the rejection of the Industrial Authority Lease, as well as Industrial Authority's agreement to purchase insurance to cover the same, Industrial Authority is hereby granted an administrative expense claim in the amount of $36,000.00 (the "Industrial Authority Administrative Claim") and which claim shall be due and payable immediately upon entry of this Order.

6. In recognition of indemnified claims that have arisen under the Industrial Authority Lease, including legal fees and certain claims that have been filed against the Mayfield Facility and Industrial Authority, including statutory liens and unjust enrichment claims, Industrial Authority is hereby granted an allowed general unsecured claim of $30,354,891.30.

7. GenCanna Global USA, Inc.'s lease regarding certain equipment (the "Equipment" and, together with the Mayfield Facility, the "Property") with Graves County Economic Development ("Economic Development"), listed as Rejected Contract No. 63 to the Motion (the "Economic Development Lease" and, together with the Industrial Authority Lease, the "Leases"), is hereby rejected, effective as of the date of May 29, 2020.

8. In recognition of post-petition rental payments due under the Economic Development Lease, Economic Development is hereby granted an administrative expense claim in

the amount of $100,000.00 (the "Economic Development Administrative Claim") and which claim shall be due and payable immediately upon entry of this Order.

9. In recognition of the remaining rental payments due under the Economic Development Lease, Economic Development is hereby granted an allowed general unsecured claim of $898,434.10.

10. Except as otherwise provided herein, the automatic stay is hereby modified, to the extent necessary, to allow Industrial Authority and Economic Development to take all actions necessary to dispose of their Leases and Property, including: (i) selling and/or modifying one or both of the Leases in connection with a transaction with a third party; (ii) entering into new leases with other third parties regarding the Property; (iii) selling the Property; or (iv) taking any other action consistent with their full ownership of the Property.

11. In recognition of the consideration granted by Industrial Authority as set forth herein, and to facilitate Industrial Authority's ability to dispose of their Leases and Property, Industrial Authority is authorized to keep and utilize all site plans, construction documents, specifications, blueprints, and the like that are currently in its possession; further, the Debtors agree to modify Pinnacle, Inc.'s obligations pursuant to that certain Non-Disclosure Agreement incorporated as Exhibit X.1 to that certain "Standard Form of Agreement between Owner and Design-Builder" dated on or about December 14, 2018 between Debtor GenCanna Global USA, Inc. and Pinnacle, Inc., such that Pinnacle, Inc. shall be authorized to provide all information regarding the Mayfield Facility to any interested person, including but not limited to sharing all site plans, as-builts, construction documents, specifications, blueprints, and similar documents.

12. Provided that any plan of liquidation proposed by the Debtors in their bankruptcy cases (i) does not impair or otherwise make it more difficult for Industrial Authority and/or

Economic Development to resolve any disputes with the contractor or subcontractors asserting claims Industrial Authority and/or Economic Development in relation to the Mayfield Facility, (ii) does not seek to avoid any payments made to or on behalf of, Industrial Authority and/or Economic Development or attempt to recover any property given to Industrial Authority and/or Economic Development, and (iii) does not otherwise require Industrial Authority and/or Economic Development to incur further costs or expense as it may relate to the Debtors or their successor or assign. Industrial Authority and Economic Development waive all rights to object to any plan of liquidation proposed by the Debtors in their bankruptcy cases whose terms are not inconsistent with the terms of this Agreement, and agrees not join in or otherwise support any objections to a plan of liquidation that may be filed by others. Industrial Authority and Economic Development further agree not to file any further substantive objections to any requests for relief that may be filed by the Debtors except to the extent necessary to preserve rights under this Agreement.

13. The Debtors, Industrial Authority, and Economic Development are authorized to take all actions necessary to effectuate the relief granted in this Order.

14. Upon entry of this Order, the amended motions set forth on the docket respectively as entries 1048 and 1049 shall be deemed resolved pursuant to the terms set forth herein.

15. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###

Tendered by:

/s/ James R. Irving
James R. Irving
DENTONS BINGHAM GREENEBAUM LLP
3500 PNC Tower
101 South Fifth Street

4824-9931-7440.7

Louisville, Kentucky 40202
Telephone: (502) 587-3606
E-mail: james.irving@dentons.com

Seen and Agreed:

/s/ Eric T. Ray
Eric T. Ray
WALLER LANSDEN DORTCH & DAVIS, LLP
(admitted pro hac vice)
1901 Sixth Avenue North, Suite 1400
Birmingham, AL 35203
Telephone:    (205) 226-5714
Email:        eric.ray@wallerlaw.com

4824-9931-7440.7

___

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Friday, August 14, 2020**
(grs)