# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# LEXINGTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| OGGUSA, Inc.,[1] | ) | Case No. 20-50133-grs |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Honorable Gregory R. Schaaf |

### DEBTORS' OBJECTION TO COMMITTEE'S MOTION TO SCHEDULE AN EXPEDITED HEARING ON ITS NEW STANDING MOTION

OGGUSA, Inc. (f/k/a/ GenCanna Global USA, Inc.) ("GenCanna") and its affiliated debtors and debtors in possession in these chapter 11 cases (collectively, the "Debtors") hereby object to the *Motion of the Committee for Entry of an Order Scheduling an Expedited Hearing on August 20, 2020 on Committee's Amended Motion of Official Committee of Unsecured Creditors for Entry of an Order Granting Standing and Authority to Prosecute and Settle Claims on Behalf of Debtors' Estates* [Docket No. 1210] (the "Motion"), and respectfully state as follows:

1. On Friday night, the Committee filed an entirely *new* motion [Docket No. 1209] (the "Second Standing Motion") under the guise of being an "amended" motion to obtain standing to assert derivative claims, and is seeking to have the Second Standing Motion heard on just three business days' notice. There is no justification for such extraordinary relief.

2. On April 29, 2020, the Committee filed its first *Motion for Entry of an Order Granting Standing and Authority to Prosecute and Settle Claims on Behalf of Debtors' Estates* [Docket No. 717] (the "First Standing Motion"). The First Standing Motion was filed in order to

---

[1] The Debtors in these chapter 11 bankruptcy cases are (with the last four digits of their federal tax identification numbers in parentheses): OGGUSA, Inc., f/k/a GenCanna Global USA, Inc. (0251); OGG, Inc., f/k/a GenCanna Global, Inc. (N/A); and Hemp Kentucky, LLC (0816).

13707373 v1

meet the first of the Committee's two challenge period deadlines established by the final DIP financing order [Docket No. 474], which was set to expire that same day. The first challenge period dealt with whether certain basic challenges existed as to the amount, validity, enforceability, avoidance, perfection or priority of any prepetition liens and obligations, and such was the scope of the First Standing Motion.

3. Notably, despite its statements in the First Standing Motion that it had conducted a "comprehensive investigation" as to such basic challenge matters, the Committee now backtracks and claims that its investigation was incomplete and that the Committee just "went with what it had at the time." Second Standing Motion, ¶ 2. The Committee has also now abandoned two of the three principal claims asserted in the First Standing Motion, despite its prior adamancy that such claims were colorable.[2] The Committee now admits that they were not.[3]

4. In any event, the hearing in respect of the First Standing Motion was set for August 20, 2020 pursuant to an agreed order the Debtors entered into with the Committee on July 20, 2020 [Docket No. 1097]. In reaching that agreement, the Committee specifically asked the Debtors to file any objections to the First Standing Motion by no later than one week prior to the hearing (i.e., by August 13) since the First Standing Motion had been on file "for a long time" and the Committee "should have a reasonable time to see objections and respond."[4]

---

[2] The Committee is no longer seeking derivative standing for its business interruption insurance policy related claims, or its Colby mortgage payment claims.

[3] Second Standing Motion, ¶ 2 ("Some of the claims previously brought have now been abandoned after further investigation.").

[4] *See*, July 17, 2020 email exchange, attached hereto as <u>Exhibit A</u>. Notably, in that same email exchange, counsel for the Committee agreed that its objection deadline to the Debtors' Rule 9019 settlement motion would be a week before the hearing in respect of that motion, since the Committee had the draft settlement agreement for some time as well and knew what the core terms were going to be. The Committee did not agree to the August 20 hearing date for the settlement motion, but at present, the hearing date remains August 20, and the Committee has failed to file an objection by August 13. All rights are reserved.

2

5. The Debtors worked diligently to complete its objection to the First Standing Motion in time for filing by the August 13 deadline. After 5:00 p.m. on the evening of August 12, counsel for the Committee for the first time sent an email stating that because the Committee's second challenge deadline was to expire on Friday, "…in our view, you do not need to file an objection by tomorrow to our prior standing motion, as it will make more sense for you to respond to our updated and fulsome standing motion."[5]

6. As the Debtors' objection to the First Standing Motion was already complete and an agreed order was on file requiring objections to be filed by August 13, the Debtors filed their objection to the First Standing Motion (the "Standing Objection"). Furthermore, as explained in detail in the Standing Objection, the second challenge deadline period related to challenges other than those basic challenges that were addressed in the First Standing Motion. As such, the Debtors reasonably expected additions or amendments to add only additional claims the Committee believed to be colorable that were not already addressed.

7. Instead the Committee filed an entirely re-written standing motion and complaint, describing it as simply an "amendment" to the First Standing Motion. The Debtors intend to subsequently file under seal redlines of the Second Standing Motion and draft complaint as compared to the First Standing Motion and draft complaint.

8. With the Committee now admitting that two of its three primary claims in the First Standing Motion were not colorable after all, the Second Standing Motion instead focuses on two things: (i) an attempt to materially revise the factual allegations in support of the Committee's lone remaining claim from the First Standing Motion (i.e., the floating lien preference claim), and (ii) the assertion of an entirely new and previously unseen equitable subordination claim. The draft

---

[5] *See*, August 12, 2020 Email from Foley, attached hereto as Exhibit B.

complaint itself has bloated to 58 pages, 174 numbered paragraphs and 101 footnotes, whereas the original draft complaint had just 25 pages, 111 numbered paragraphs and 4 footnotes. The draft complaint now also contains 100 exhibits, which were provided for the first time late Friday night. The Committee failed to share any prior version of its "amended" draft complaint with the Debtors before filing it, and it now seeks to have the Second Standing Motion and an entirely new draft complaint heard on only three business days' notice. The request for an expedited hearing is inappropriate and prejudicial to the Debtors, and should be denied.

**WHEREFORE**, the Debtors respectfully request an order denying the Motion and granting such other and further relief as the Court deems just and proper.

Dated: August 16, 2020

Respectfully submitted,

/s/ James R. Irving
James R. Irving
April A. Wimberg
Christopher B. Madden
DENTONS BINGHAM GREENEBAUM LLP
3500 PNC Tower
101 South Fifth Street
Louisville, Kentucky 40202
Telephone:   (502) 587-3606
Facsimile:   (502) 540-2215
E-mail:      james.irving@dentons.com
             april.wimberg@dentons.com
             chris.madden@dentons.com

*Counsel for the Debtors*

Michael J. Barrie (*pro hac vice*)
Gregory W. Werkheiser (*pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN, & ARONOFF LLP
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Telephone:   (302) 442-7010 Phone
E-mail:      mbarrie@beneschlaw.com
             jhoover@beneschlaw.com

-and-

Elliot M. Smith (*pro hac vice*)
BENESCH, FRIEDLANDER, COPLAN, & ARONOFF LLP
200 Public Square, Suite 2300
Cleveland, OH 44114
Telephone:   (216) 363-4500
E-mail:      esmith@beneschlaw.com

*Counsel for the Debtors*