UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GENCANNA GLOBAL USA, INC., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | Civil Action No. 5: 19-387-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JENCO INDUSTRIAL SALES & SERVICES, LLC, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants/Counterclaim Plaintiffs. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff/Counterclaim Defendant GenCanna Global USA, Inc. ("GenCanna") has filed a motion to lift the stay and refer this matter to Bankruptcy Court. GenCanna's motion will be granted because this matter conceivably relates to the pending bankruptcy proceeding.

**I.**

On September 23, 2019, GenCanna filed suit in this Court against Jenco Industrial Sales & Services, LLC ("Jenco") and Edward Sieja ("Sieja") based on their alleged failure to deliver equipment needed for the plaintiff's CBD business. The defendants filed counterclaims alleging that GenCanna breached the parties' agreement.

Approximately four months after the Complaint was filed, Jenco and Sieja tendered a Suggestion of Bankruptcy and Notice of Automatic Stay, indicating that GenCanna was the putative debtor in an involuntary Chapter 11 case in the United States Bankruptcy Court for the Eastern District of Kentucky (Case No. 5: 20-BK-50133-GRS). The defendants/counterclaim plaintiffs advised the Court that they would not take further steps in pursuing their civil claims against GenCanna at that time. [Record No. 24] GenCanna agreed

that the stay should apply to its claims against Jenco and Sieja, and the matter was stayed for 90 days. [Record Nos. 27, 28] The Court subsequently granted the parties' request to extend the stay until September 18, 2020. [Record No. 32]

## II.

GenCanna has now filed a motion to lift the stay and refer this matter to the Bankruptcy Court. Title 28 United States Code, section 157(a), provides: "Each district court may provide that any or all cases . . . related to a case under title 11 shall be referred to the bankruptcy judges for the district." *See also* 28 U.S.C. § 1334(b). Consistent with § 157(a), Rule 83.12 of the Joint Local Rules of Civil Practice for the United States District Courts for the Eastern and Western Districts of Kentucky ("the Local Rules") provides, in relevant part:

> The powers of law, equity, and admiralty vested in the District Court are referred to the United States Bankruptcy Court as a unit of the District Court. The following cases and proceedings are referred to the Bankruptcy Court judges for the District . . .
> (2)    All matters arising under—or arising in or related to cases arising under—Title 11 of the United States Code filed on or after July 10, 1984, except proceedings involving tort claims for personal injury or wrongful death.

The test for determining whether a civil proceeding is related to a bankruptcy action "is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Mich. Emp. Sec. Comm'n v. Wolverine Radio Co. Inc.*, 930 F.2d 1132, 1142 (6th Cir. 1992).

GenCanna reports that it consented to the involuntary bankruptcy petition in February 2020, and its debtors filed their own voluntary chapter 11 petitions, which are being jointly administered for procedural purposes by the bankruptcy court. It suggests that this matter is related to the bankruptcy action because it is working within the bankruptcy proceeding to assist the buyer of its assets "with the orderly transition of the ownership of the business and

acquired assets." Further, after consulting with the buyer, "the [d]ebtors have determined that it is appropriate and in the interest of all parties and judicial economy to seek to resolve this litigation in the context of the [d]ebtors' Chapter 11 cases."

The defendants express skepticism that GenCanna maintains the right to prosecute this action and/or that GenCanna actually sold its causes of action to the buyer of its assets. [Record No. 34, p. 2] While these are issues of significant concern, the defendants do not assert that the outcome of this proceeding could not have an effect on the estate being administered in the in the bankruptcy proceeding. Given the relatively low threshold for relatedness and the defendant's failure to object to transfer, the Court concludes that it is conceivable that the outcome of this litigation could have some effect on the bankruptcy estate. Accordingly, the matter will be referred to Bankruptcy Court for further proceedings. *See* 28 U.S.C. § 157(b)(3) ("The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding . . . is a proceeding that is otherwise related to a case under title 11.").

Based on the foregoing, it is hereby

**ORDERED** that the Plaintiff/Counterclaim Defendant GenCanna's motion [Record No. 33] is **GRANTED**. This matter is **REFERRED** to the United States Bankruptcy Court for the Eastern District of Kentucky for further proceedings.

Dated: August 25, 2020.

<u>Danny C. Reeves</u>, Chief Judge
United States District Court
Eastern District of Kentucky